THIGPEN, Judge.
Melda Davis (mother) was granted a judgment for $2,536.41 against the State of Alabama (State) for monies retained from child support payments made to the State by John Davis, the child’s father. The State appeals.
The dispositive issue raised by the State is whether the trial court erred in awarding the mother a judgment against the State for monies retained from child support payments made by the child’s father to the State.
The mother and father divorced and the court incorporated in the divorce decree an agreement for the father to pay child support to the mother. The mother later received Aid to Families with Dependent Children (AFDC) benefits and assigned her rights to child support from the father to the State. Ultimately, the State filed a petition seeking to establish an arrearage against the father and asking that its claim be consolidated with a previous judgment in favor of the mother and against the father for a child support arrearage.
The trial court consolidated the two cases, received ore tenus evidence, and ultimately entered an order enumerating specific findings. Those findings, inter alia, included: (1) that the father is in arrears in payments to the State in the amount of $3,230.50, (2) that the father is in arrears in child support payments to the mother in the amount of $1,175.67, and (3) that the State received a sum from the father pursuant to an income withholding order from which the State retained, without legal cause, the sum of $2,274.90. The order then awarded a judgment against the State and in favor of the mother for $2,274.90 and ordered the mother to request removal from the rolls of AFDC recipients.
From that order, the State moved for relief under Rule 60(b), A.R.Civ.P., on the grounds that a mistake was made in computing the amount of child support monies to be received by the mother. In support of this motion, the State provided an affidavit from a supervisor in the office of child support accounting indicating that the father had paid to the State a total of $8,926.45. After receiving a stipulation of facts from the parties and oral arguments from counsels, the trial court entered a new order showing that the father had paid $5,728.00 in child support to the State for the period of March 15, 1987 through November 1989; that the mother had been paid $1,761.70 in AFDC benefits during that period; that the mother was paid $1,429.89 in “disregard payments” on behalf of the child; and that the State retained $2,536.41 out of the child support payments made by the father after subtraction of the AFDC payments and disregard payments to the mother. Based on those findings, the trial court ordered that the judgment in favor of the mother and against the State be changed to the amount of $2,536.41.
In this appeal, the State contends that the mother is entitled to only the first $50 *17 of each monthly support amount received from the father without causing a reduction in the family’s AFDC grant. It is the position of the State that a mistake had been made in computing the amount of child support owed to the mother and that the proper amount, based on the affidavit of the supervisor, was $213.44. The State contends that the mother was entitled to a disregard payment of the first $50 of each support amount received in a month from the father’s obligation to only one of the mother’s three children. The State concedes that, by computer error, the mother was underpaid this disregard amount. That is, instead of paying the required $50 per month, the State paid the mother only $43.33 monthly, thus resulting in the State’s owing the mother a balance of $213.44. The State further argues that if it is required to pay the mother the amount the trial court orders, then the State is required by federal law [42 U.S.C.A. § 602(a)(22)(B) ] to initiate recoupment action against the mother for recovery of the overpayment of benefits.
Alabama law provides that as a condition of eligibility, each AFDC recipient assigns to the State “the right to any support owed up to the amount of aid paid” to the recipient. Ala.Code 1975, § 38-10-4. Further, the United States Supreme Court in Bowen v. Gilliard, 483 U.S. 587, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987), considered and approved the requirement of 42 U.S.C.A. § 602(a)(38) that support money, which is received for the benefit of one child, benefits the entire family unit and is includable as income to that family unit. Additionally, when such monthly support payments are collected by the State, the first $50 is paid to the family without affecting its eligibility or assistance amount. 42 U.S.C.A. § 657(b). By its own admission, the State failed to pay the proper disregard amount to the mother.
The mother argues that the State utilized the assignment provisions as a means of intercepting the father’s child support payment and keeping her family on the welfare rolls. It is her position that she is entitled to the entire child support paid by the father for the benefit of the child.
Any amount greater than the $50 monthly disregard amount is considered income to the family for purposes of AFDC eligibility. Bowen, supra. The trial court’s judgment, ordering the State to pay the mother the monies it collected from one child’s father in the same time period the mother was receiving AFDC benefits, effectively creates an overpayment in AFDC to the mother. It was error for the trial court to create such an overpayment. We reverse and remand for the trial court to enter an order in favor of the mother and against the State reflecting only that amount of underpayment of the monthly disregard payment to which the mother is legally entitled.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.